O/JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Civil Case No.     SA CV08-960 DOC                              Date: October 14, 2008
Criminal Case No.  SA CR02-0319 DOC

Title: TIMOTHY LYONS V. UNITED STATES OF AMERICA

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                       Date:_____   Deputy Clerk: _____

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

  <u>Kristee Hopkins</u>                          <u>Not Present</u>
   Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT                         NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT FEDERAL SENTENCE

      Before the Court is the Motion of Defendant Timothy Lyons ("Defendant") to Vacate, Set Aside or Correct his Federal Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion"). After considering the moving, opposing, and replying papers, the Court hereby DENIES Defendant's Motion.

      Defendant was convicted of thirty-three counts of mail fraud, in violation of 18 U.S.C. §1341, and eleven counts of money laundering, in violation of 18 U.S.C. §1956(a)(1)(A)(i). At trial, Defendant was represented by David P. Conn ("Conn"), now deceased. In this instant motion, Defendant seeks to vacate his judgment and sentence due to (1) ineffective assistance of counsel at trial (claiming that he would have accepted the government's plea offer had he understood the ramifications of not accepting it), (2) ineffective appellate counsel (claiming that his appellate counsel failed to file a notice of appeal from his resentencing) and (3) an inability to pay the $25,000 fine at the time of sentencing.

In order to make out a colorable ineffective assistance of counsel claim, Defendant must demonstrate that: (1) his counsel's performance was deficient, falling below an objective standard of reasonableness and (2) that defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052 (1984).  The first prong requires the Defendant to prove that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.  Further, the standard of review is "highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574 (1986).

Defendant claims that Conn told Defendant that he should reject the government's plea offer because defendant would serve the same amount of time if he went to trial as he would under the plea deal (and because Conn felt that Defendant could prevail at trial).  The only evidence of this claim is Defendant's own declaration.  Even assuming that this advice was given, the advice did not fall below "an objective standard of reasonableness."  Conn's alleged advice was not a gross mischaracterization of the penalty that Defendant ultimately faced. *See Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)(upholding an ineffective assistance of counsel claim where petitioner's attorney "gross[ly] mischaracteriz[ed]" the likely outcome of petitioner's case by predicting probation, where petitioner ultimately received two life terms).  Defendant avers that Conn believed that Defendant would serve 7 years if convicted.  Defendant was, in fact, sentenced to 15 years.  Conn did not grossly mischaracterize Defendant's sentence.  His sentence did not fall below an objective standard of reasonableness.

Similarly, Defendant cannot meet the *Strickland* test with regard to his appellate counsel, Jerome Mooney ("Mooney").  The Ninth Circuit has already affirmed this Court's calculation of the Federal Sentencing Guidelines (the "Guidelines"), remanding only for a determination as to whether the Court would have imposed the same sentence if it had known that the Guidelines were advisory. Therefore, the only question that would remain on appeal is whether or not Defendant's sentence was reasonable under a deferential, abuse-of-discretion standard. *Gall v. U.S.*, 128 S.Ct. 586, 591 (2007). Because Defendant's motion did not set forth any facts or argument as to why his sentence was not reasonable, his claim fails.

Finally, Defendant argues that the $25,000 fine imposed at sentencing was unreasonable, due to his inability to pay it at the time of sentencing.  Under 28 U.S.C. §2255, this Court may only adjudicate claims that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Defendant's claim as to the propriety of the fine cannot possibly result in his release and is, therefore, not cognizable as a §2255 motion. *See United States v. Thiele*, 314 F.3d 399, 401-02 and n.4 (9th Cir. 2002).

For the foregoing reasons, Defendant's habeas corpus motion is DENIED. The Clerk shall serve this minute order on all parties to the action.